UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEE DAIUTO,

                     Plaintiff,

      -against-

EVOLVE GUEST CONTROLS, LLC,

                     Defendant.

**ORDER**
**17-CV-1279 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Lee Daiuto brings this diversity action against Defendant Evolve Guest Controls, LLC. (Compl. (Dkt. 1).) Plaintiff asserts common-law tort claims arising from Defendant's alleged interference with Plaintiff's employment with a third party. (Am. Compl. (Dkt. 15).) Pending before the court is Plaintiff's motion for default judgment, which the court referred to Magistrate Judge James Orenstein for a report and recommendation ("R&R"). (*See* Mot. for Default J. (Dkt. 50); Aug. 10, 2019 Order Referring Mot.) Judge Orenstein issued the annexed R&R on March 4, 2020, recommending that the court deny the motion for default judgment and dismiss the amended complaint. (R&R (Dkt. 60) at 8.)

No party has objected to Judge Orenstein's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*,

216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in full.

SO ORDERED.

Dated: Brooklyn, New York
March 25, 2020

      /s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

# REPORT AND RECOMMENDATION

**James Orenstein, Magistrate Judge:**

Plaintiff Leo Daiuto ("Daiuto") accuses his former employer, defendant Evolve Guest Controls, LLC ("Evolve"), of two torts arising from Evolve's alleged interference with his later employment with non-party Teknikos, Inc. ("Teknikos"). *See* Docket Entry ("DE") 15 (Amended Complaint) ("AC"). Evolve initially contested the claims but then stopped participating in the litigation and ultimately defaulted. *See* DE 47; DE 48; DE 49. Daiuto now seeks a default judgment. *See* DE 50. Upon referral from the Honorable Nicholas G. Garaufis, United States District Judge, I now make this report, and for the reasons set forth below, respectfully recommend that the court deny the motion for default judgment and instead dismiss the Amended Complaint.

## I. BACKGROUND

The following facts are primarily drawn from the non-conclusory factual allegations in the Amended Complaint, the truth of which Evolve's default established. Evolve's business is to provide room automation, control, and monitoring solutions for hotels and other businesses in the hospitality industry. In August 2013, Evolve entered into an employment agreement (the "Agreement") with Daiuto in connection with its purchase of Daiuto's software design company. One of the Agreement's terms prohibited Daiuto from working for a "competitive business" – defined to mean "the development, marketing, sale and serving of wireless energy management solutions, including lighting control and room automation solutions" – for two years after the termination of his employment. AC ¶¶ 6-12.

Evolve terminated Daiuto's employment on July 27, 2015. Over eight months later, on March 31, 2016, Daiuto began working for non-party Teknikos as an at-will employee.[1] A

---

[1] The Amended Complaint does not specify the term of Daiuto's employment agreement with Teknikos. Pennsylvania law (which I conclude applies for reasons explained below) presumes that all employment is at-will. *See Hardee-Guerra v. Shire Pharm.*, 737 F. Supp. 2d 318, 325 (E.D. Pa. 2010) (citing *Scully v. U.S. WATS, Inc.*, 238 F.3d 497, 505 (3d Cir. 2001) (citing *Geary v. U.S. Steel Corp.*, 319 A.2d 174, 176 (Pa. 1974); *Scullion v. EMECO Indus., Inc.*, 580 A.2d 1356, 1358 (Pa. Super. Ct. 1990))). To overcome that presumption, a party must show "clear and precise evidence of an oral employment contract for a definite term. Evidence

little over a month later, on May 4, 2016, Evolve's counsel sent Teknikos a letter accusing Daiuto of violating his non-competition agreement with Evolve, claiming that Teknikos was in possession of unlawfully obtained confidential information and trade secrets, and threatening Teknikos with litigation and liability for tortious interference if it continued to employ Daiuto. Evolve's assertions were false: Teknikos did not compete with it, had never bid for the same project as Evolve, and did not have unlawfully-obtained possession of Evolve's confidential information or trade secrets *See* AC ¶¶ 19-28.

Daiuto's counsel wrote to Evolve to assure the latter that Teknikos was not a competitor and offered to share the particulars of Daiuto's work for Teknikos to alleviate Evolve's concerns. Nevertheless, Evolve continued to insist that Daiuto's work for Teknikos violated the non-competition agreement. On May 11, 2016, Evolve's counsel gave Teknikos an ultimatum that the company would sue Teknikos if it did not terminate Daiuto that day. Teknikos terminated Daiuto the next day, May 12, 2016. *See id*. ¶¶ 29-31.

Daiuto filed the instant action on March 7, 2017 and filed the currently operative pleading on May 31, 2017. *See* DE 1; DE 15. In his Amended Complaint, Daiuto invokes this court's diversity jurisdiction to assert two claims: tortious interference with economic advantage and *prima facie* tort. *See* AC ¶¶ 32-43.[2] Evolve appeared and initially contested Daiuto's claims. *See* DE 16 (Answer). Later, however, after engaging in unsuccessful mediation efforts and exchanging some discovery, Evolve instructed its counsel to withdraw because it was winding down its business and no longer wished to pay for legal

---

of a subjective expectation of a guaranteed employment period, based on employer practices or vague employer superlatives, is insufficient." *Scully*, 238 F.3d at 505 (internal citations omitted). Far from overcoming that presumption, the evidence Daiuto has submitted in support of his motion includes a letter from Teknikos that explicitly confirms that his employment there as "at-will." DE 53 Ex. 2 at 2.

[2] The Amended Complaint sufficiently pleads diversity jurisdiction. It alleges that Daiuto resides in Pennsylvania, that Evolve is a corporate citizen of Delaware (where it is incorporated) and Illinois (where it has its principal place of business), and it includes an allegation of Daiuto's annual salary at Teknikos ($205,000, plus benefits) that supports an inference that the amount in controversy exceeds $75,000. *See* AC ¶¶ 1-4, 22.

representation in this action. *See* DE 47. That decision ultimately led to Evolve's default, which the Clerk entered on July 3, 2019. *See* DE 49.

On July 31, 2019, Daiuto filed the instant motion for default judgment. *See* DE 50 (notice of motion); DE 50-1 (declaration of counsel with exhibits); DE 50-2 (Daiuto Decl.); DE 50-3 (supporting memorandum) ("Memo."). The court referred the motion to me by Order dated August 15, 2019. In another order that same day, I solicited any supplemental submissions the parties might want me to consider. Daiuto submitted supplemental exhibits on September 5, September 6, and September 11, 2019. *See* DE 53; DE 54; DE 55. By order dated December 16, 2019, I scheduled an inquest hearing for January 10, 2020. No party appeared at that hearing. *See* DE 58 (minute order).

## II. DISCUSSION

### A. Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). This same standard applies when a party defaults after abandoning its defense of litigation. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 119 (2d Cir. 2011) (finding that the defendants forfeited their defenses when they willfully abandoned their litigation and defaulted). With respect to liability, however, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g., Finkel*, 577 F.3d at 84.

As explained below, I conclude that notwithstanding Evolve's default, Daiuto has not established liability on either of his claims. First, the Amended Complaint does not assert a viable claim for tortious interference with economic advantage because that claim arises under the law of Pennsylvania, which does not recognize a claim for an at-will employee

3

such as Daiuto. Second, Daiuto has abandoned his *prima facie* tort claim. I therefore cannot recommend that the court enter a default judgment.³

B.  **Tortious Interference**

In asserting Daiuto's tort claims, the Amended Complaint does not allege that they arise under the laws of any specific jurisdiction. Daiuto's memorandum of law correctly notes that this court must apply the substantive law of New York, *see* Memo. at 5 n.2, but then goes on to assume that applying New York's substantive laws necessarily means applying that state's tort rules. It does not: "state choice of law rules are substantive state law." *In re Coudert Bros. LLP*, 673 F.3d 180, 187 (2d Cir. 2012) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Daiuto is a Pennsylvania citizen and Evolve is a citizen of Illinois.⁴ If the common law tort rule of those states and New York are all substantively similar, there is no need to choose among them and the court can simply follow Daiuto's lead and apply New York law. *See, e.g., Wall v. CSX Transp., Inc.*, 471 F.3d 410, 422 (2d Cir. 2006) (citing *Excess Ins. Co. v. Factory Mut. Ins. Co.*, 769 N.Y.S.2d 487, 489 (App. Div. 2003), *aff'd*, 789 N.Y.S.2d 461 (N.Y. 2004)). But if those jurisdictions have conflicting tort rules, then the court must apply an "interest analysis to determine which of [the] competing jurisdictions has the greater interest in having its law applied in the litigation." *Padula v. Lilarn Props. Corp.*, 620 N.Y.S.2d 310, 311 (N.Y. 1994). If the conflict involves rules that regulate conduct, New York courts generally apply the law of the place of the tort; but if the conflict involves loss-allocation rules, New York looks to a number of factors including the parties' domiciles, the conduct at issue, and the purposes of the applicable law. *See Antaeus Enters., Inc. v. SD-Barn Real Estate,*

---

³ If the court adopts my recommendation as to liability, the issue of damages will be moot, and I therefore do not address it in this report. Should the court reject my recommendation, I will of course issue a supplemental report that recommends an appropriate damages award.

⁴ Evolve is also a citizen of Delaware for purposes of diversity jurisdiction. However, for choice-of-law purposes, a corporation is domiciled where it maintains its principal place of business. *See Dorsey v. Yantambwe*, 715 N.Y.S.2d 566, 570 (App. Div. 2000) (citing *Weisberg v. Layne-New York Co.*, 517 N.Y.S.2d 304, 306 (App. Div. 1987)).

*L.L.C.*, 480 F. Supp. 2d 734, 742 (S.D.N.Y. 2007) (citing *Padula*, 620 N.Y.S.2d at 312); *see also Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999). As explained below, I conclude that the tortious interference laws of the relevant jurisdiction are in conflict and that Pennsylvania – where the claimed tort occurred – has the greater interest in having its law apply to this case.

The elements of a claim for tortious interference with economic advantage are substantially similar in all three relevant jurisdictions. To assert such a claim in New York (where the tort is sometimes given varying names, *see, e.g.*, *Katz v. Travelers*, 241 F. Supp. 3d 397, 404 (E.D.N.Y. 2017), Daiuto must allege and prove that he had a business relationship with Teknikos; that Evolve knew of that relationship and intentionally interfered with it; that Evolve acted solely out of malice, or used dishonest, unfair, or improper means; and that the interference caused injury to Daiuto's relationship with Teknikos. *See, e.g.*, *Imig, Inc. v. Electrolux Home Care Prod., Ltd.*, 2007 WL 900310, at *18 (E.D.N.Y. Mar. 22, 2007) (citing *State Street Bank & Trust v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004) (citations omitted); *NBT Bancorp Inc. v. Fleet/Norstar Financial Group, Inc.*, 641 N.Y.S.2d 581, 585 (N.Y. 1996)). Illinois and Pennsylvania impose similar requirements. *See Maalouf v. Salomon Smith Barney, Inc.*, 2004 WL 2008848, at *7 (S.D.N.Y. Sept. 8, 2004), *aff'd*, 156 F. App'x 367 (2d Cir. 2005) (comparing law of New York and Illinois); *James v. Intercontinental Hotels Grp. Res., Inc.*, 2010 WL 529444, at *3 (N.D. Ill. Feb. 10, 2010) (citing *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996)) (applying Illinois law); *Berwick v. New World Network Int'l, Ltd.*, 2007 WL 949767, at *1, 6 (S.D.N.Y. Mar. 28, 2007) (comparing laws of New York and Pennsylvania); *White v. George*, 66 Pa. D. & C.4th 129, 141 (Mercer Com. Pl. Ct. Apr. 23, 2004) (citing *Pawlowski v. Smorto*, 588 A.2d 36, 39 (Pa. Super. Ct. 1991)) (applying Pennsylvania law).

But while the tort has similar elements in all three states, the jurisdictions' laws conflict in a material respect: whether it is a tort to interfere with a plaintiff's at-will employment relationship with a third party. In New York and Illinois, it is; in Pennsylvania,

5

it is not. *See Chanicka v. JetBlue Airways Corp.*, 243 F. Supp. 3d 356, 360 (E.D.N.Y. 2017) (applying New York law); *McHenry v. Lawrence*, 886 N.Y.S.2d 492, 494 (App. Div. 2009) (same); *Ali v. Shaw*, 481 F.3d 942, 945 (7th Cir. 2007) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 877-878 (Ill. 1991)) (applying Illinois law); *Symphony Health Sols. Corp. v. IMS Health Inc.*, 2014 WL 4063360, at *2 (E.D. Pa. Aug. 15, 2014) (citing *Reading Radio Inc. v. Fink*, 833 A.2d 199, 209 (Pa. Super. Ct. 2003) (applying Pennsylvania law; internal citation omitted).[5] Because Daiuto had an at-will employment relationship with Teknikos, that conflict of laws is dispositive.

The common law tort of interfering with economic advantage regulates conduct. *See White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 284-85 (2d Cir. 2006). As a result, New York's choice of law rules require the court to apply the law of the jurisdiction where the tort occurred "because that jurisdiction has the greatest interest in regulating behavior within its borders." *In re Thelen LLP*, 736 F.3d 213, 220 (2d Cir. 2013) (citing *Cooney v. Osgood Mach., Inc.*, 595 N.Y.S.2d 919, 922 (N.Y. 1993)). That requires the court to determine where the conduct occurred that gave rise to Daiuto's claim for tortious interference with economic advantage. *See Allianz Ins. Co. v. Otero*, 353 F. Supp. 2d 415, 423 (S.D.N.Y. 2004).

The Amended Complaint is silent on that matter. The record for purposes of this motion however, is not: the evidence plainly establishes that the interference about which Daiuto complains occurred in Pennsylvania. Daiuto resides in Pennsylvania and Teknikos

---

[5] I am aware of one district court opinion in another jurisdiction that concluded that Pennsylvania does recognize a tort claim for interfering in an at-will employee's contract. It noted that the Pennsylvania Supreme Court had adopted a provision of the Restatement (Second) of Torts in one of its decisions and then interpreted a comment to that cited provision to include at-will employment relations. *See Keefer v. Durkos*, 371 F. Supp. 2d 686, 698 (W.D. Pa. 2005) (citing *Adler, Barish Daniels, Levin and Creskoff v. Epstein, et al.*, 393 A.2d 1175 (Pa. 1978); Restatement (Second) of Torts § 766 cmt. g (Am. Law Inst. 1975)). I respectfully disagree with that reasoning. More importantly, so too do Pennsylvania courts that have applied *Adler*. *See Reading Radio Inc.*, 833 A.2d at 209; *Hennessy v. Santiago*, 702 A.2d 1269, 1278 (Pa. Super. Ct. 1998). I therefore conclude that the better reading of Pennsylvania law is one that precludes an at-will employee from asserting a claim of tortious interference with economic advantage and that therefore conflicts with New York law.

has its office there; the employment relationship with which Evolve interfered began and ended in Pennsylvania, and any call or letter that Evolve directed to accomplish that interference was necessarily directed to that state. *See* DE 53 Exs. 1-10 (including tax records as well as the letter, bearing Pennsylvania addresses, conveying Teknikos' offer of at-will employment to Daiuto). If any state had an interest in regulating (or not) Evolve's interference in Daiuto's relationship with Teknikos, it was Pennsylvania. In contrast, neither New York nor Illinois had any remotely comparable interest in the controversy.[6]

I therefore conclude that New York choice of law rules require the court to apply Pennsylvania tort law to this case. Because that law does not recognize a cause of action for interfering in an at-will employment relationship, I am compelled to conclude that the Amended Complaint does not state a viable claim for tortious interference with economic advantage. The court should therefore deny the motion for a default judgment on that claim and instead dismiss it.

### C. *Prima Facie* Tort

Daiuto wholly ignores the *prima facie* tort claim in his motion for default judgment. He makes no effort either to show that the Amended Complaint's uncontested factual allegations suffice to establish liability for that cause of action or to prove any resulting damages. I therefore conclude that Daiuto has abandoned that claim. *See Maas v. Spencer Leasing Corp.*, 2013 WL 5308859, at *10 (E.D.N.Y. Sept. 18, 2013) (deeming claim abandoned where motion for default judgment did not address liability or damages for that cause of action). I therefore respectfully recommend that the court deny the motion for default judgment and instead dismiss this claim as well.

---

[6] Even if the tort were more properly considered a matter of loss-allocation, the result would be the same: "when the defendant's … conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred." *Schultz v. Boy Scouts of America*, 65 N.Y.2d 189, 195, 480 N.E. 2d 676, 91 N.Y.S. 2d 90 (1985) (citations omitted). The place where the last event necessary to make Evolve potentially liable occurred was Pennsylvania, where Teknikos terminated Daiuto and where Daiuto suffered the resulting damages.

## III. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the court deny the motion for default judgment and instead dismiss the Amended Complaint.

## IV. OBJECTIONS

I respectfully direct the plaintiff to promptly serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service no later than March 6, 2020. Any objections to this Report and Recommendation are due by March 18, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
March 4, 2020

                                                                               /s/
                                                        James Orenstein
                                                        U.S. Magistrate Judge